SLATER, MYERS & CO. *v.* DEMOREST SPOKE & HANDLE CO.

Where a letter of the defendant was relied upon by the plaintiff and is now sought to be enforced as a promise by the former to pay a debt owing to the latter by a third person, the evidence of the writer of the letter as to what he meant or intended in writing it, is inadmissible. In such case ambiguity may be explained by surrounding facts, but not by undisclosed intention.

August 20, 1894.                                    *Judgment reversed.*

Complaint. Before Judge WELLBORN. Habersham superior court. September term, 1893.

Robinson was indebted to the plaintiffs $114.91 on an account. He sold out his stock of goods to defendants, and informed plaintiffs that defendants had assumed payment of the account. Plaintiffs wrote to defendants, and in answer received a letter signed by defendants, stating that "in purchasing Mr. Robinson's stock of goods we assumed $1,000 indebtedness on the goods. We were to pay $100 of it monthly. Before he left the store I had him to give me a list of the firms he desired me to pay first, and the amounts to each one. Your firm's name was on the list, and the amount $25. We have lived up to our contract with him; and when he tells us who and the amount we are to pay September 9th, to the amount of $100, we will do so. Be assured you will get your pay. . . " On the trial of a suit by plaintiffs against defendants, on which this letter was introduced in evidence, one of defendants was allowed to testify over objection: "I wrote the letter introduced by plaintiffs, but meant that I would pay plaintiffs' claim against Robinson if Robinson told us to do so; did not mean to pay it unless he did so instruct." The overruling of the objection was assigned as error.

J. C. EDWARDS, for plaintiffs.